IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARTHUR J. ABELL, JR.,

    Plaintiff,

    vs.                                              No. CIV 95-0942 JC/RLP

BRUCE BABBITT, Secretary, Department of
the Interior, and ROGER KENNEDY, Director,
National Park Service,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff's Objection to Order Denying Plaintiff's Motions To Compel and Motion To Extend Discovery Deadline and Request for Reconsideration *(Doc. 48)* and Defendants' Motion for Summary Judgment, filed April 23, 1998 *(Doc. 49)*. The Court has reviewed the objection, the motion, the memoranda and exhibits submitted by the parties and the relevant authorities. The Court finds that Plaintiff's objection is not well taken and will be overruled. Defendants' Motion for Summary Judgment is well taken and will be granted.

**I.**     **Factual Background**

Plaintiff Arthur J. Abell, Jr., is a former employee of the National Park Service who was terminated from employment on June 11, 1993, after more than twenty-seven years of service with the federal government. Mr. Abell was fifty years old at the time. In the two-year period before his termination, Abell submitted a number of formal and informal grievances against four of his supervisors. Abell filed grievances in 1991 and 1992 because his supervisors allegedly failed to meet

deadlines for preparing performance standards for his position, for preparing an employee development report, and for evaluating his performance. Abell also filed a grievance because supervisors did not offer him a permanent promotion to a GS-12 position. These earlier grievances did not allege discrimination based on age, sex or race.

Abell's relationship with his supervisors deteriorated significantly during the latter part of 1992 and the early part of 1993. The Forest Service suspended Abell for five days in November 1992. Abell filed two Equal Employment Opportunity (EEO) grievances in January 1993, alleging discrimination based on age and on race ("White, Not of Hispanic Origin" according to the EEO complaint). The Forest Service suspended Abell for a second time in February 1993, and notified Abell in May 1993 that he would be terminated. Abell filed another EEO complaint in May 1993, alleging that his proposed termination was in retaliation for filing previous EEO complaints. The Forest Service terminated Abell's employment in June 1993, and Abell brought this suit two years later, alleging violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-633a, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-1 to 2000e-17.

## II. Objection to Magistrate Judge's Order

Plaintiff objects to Magistrate Judge Puglisi's order denying Plaintiff's requests to extend discovery and to compel Defendants to provide additional discovery.[1] Magistrate Judge Puglisi

---

[1] The Plaintiff filed a document styled as an objection to the magistrate judge's order on March 18, 1998, well after the ten-day period allowed by FED. R. CIV P. 72(a) for filing objections. I find Plaintiff's objection to be timely, however, because Plaintiff filed a document styled as a "Response" on March 3, 1998 *(Doc. 47)* that contained the substance of the objection. Pro se litigants' pleadings are construed more liberally than pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

denied Plaintiff's motion on the grounds that Plaintiff failed to lay any foundation to justify extending discovery or compelling additional discovery.  Defendants claim to have provided Plaintiff with all discoverable information by providing the three-volume report of the Plaintiff's EEO investigation. *See* United States' Combined Resp. to Mot. to Extend Discovery Deadline and Mot. to Compel *(Doc. 45)* at Ex. 2.  Plaintiff requests "whatever discovery disclosure exists at this time," but does not provide any specific information on what he is seeking.  *See* Pl.'s Resp. to Def.'s Combined Resp. *(Doc. 47)* at 6.  Similarly, Plaintiff requests that the discovery deadline be extended, but does not show that granting the extension will enable him to obtain any more discoverable information.  *See id.* at 7-9.  Magistrate Judge Puglisi correctly denied Plaintiff's motion.

### III.     Defendants' Motion for Summary Judgment

Defendants' Motion for Summary Judgment requests that judgment be entered for Defendants as to all of Plaintiff's claims.  Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).

####    A.     ADEA and Title VII Claims Based on Age, Sex and Race Discrimination

Both ADEA and Title VII discrimination claims are analyzed by applying the burden-shifting approach of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).  Plaintiff must first establish a prima facie case of discrimination either through direct evidence of a discriminatory motive or by inference.  Mr. Abell does not present any direct evidence to show a discriminatory motive on the part of his employers.  To establish a prima facie case of discrimination by inference, Abell must

show that: 1) he is a member of the protected class; 2) he suffered an adverse action by the employer; 3) he was doing satisfactory work (if discriminatory action was discharge or other sanction) or was fully qualified (if discriminatory action was failure to hire, promote, or make an opportunity available); and 4) he was treated less favorably than others outside the protected class. *See Beaird v. Seagate Tech. Co.*, 145 F.3d 1159, 1165 (10th Cir. 1998); *Kenworthy v. Conoco. Inc.*, 979 F.2d 1462, 1469 (10th Cir. 1992). Mr. Abell presented sufficient evidence to establish a genuine issue of material fact on the first two elements, and may have presented sufficient evidence on the third prong of the test for some of his claims. However, Abell has presented no evidence that individuals younger than himself, or of a different sex or race, received more favorable treatment than he did. Abell's supervisor may have been seventeen years younger than Abell, but that is not the issue. Abell must show that the individuals who replaced him when he was terminated, who filled the positions that he applied for, or who received training that he did not receive were younger than himself.

Even if Plaintiff established a prima facie case, I would grant summary judgment against him on all but three of the discrimination claims because Plaintiff failed to rebut Defendants' evidence of legitimate, nondiscriminatory reasons for their actions.[2] Defendants presented legitimate reasons for refusing Abell's requests to attend training in affidavits attached to their Memorandum in Support of Motion for Summary Judgment *(Doc. 50)*. Defendants also presented affidavits from hiring officers stating that other candidates were better qualified or better suited than Abell for all but one

---

[2] Defendants did not present evidence of a legitimate nondiscriminatory reason for three of Plaintiff's claims. Defendants did not present evidence of a nondiscriminatory reason for refusing to hire Plaintiff to fill vacancy RMR-92-106. Defendants also did not present evidence of a legitimate nondiscriminatory reason for Plaintiff's two suspensions or for Plaintiff's termination. In fact, Defendants did not provide the Court with *any* reason for the suspensions or terminations. Nonetheless, summary judgment must be granted on these claims because Plaintiff has not established a prima facie case.

of the federal positions for which he was not selected.[3]  Under the *McDonnell Douglas* approach, a plaintiff has the burden to show that the legitimate, nondiscriminatory reasons articulated by the employer are a mere pretext.  Mr. Abell has not come forward with any evidence that the reasons offered by Defendants are not the true reasons for refusing to provide training or for hiring other individuals to fill the vacancies.

### B.     Title VII Retaliation Claims[4]

To establish a prima facie case for retaliation in violation of Title VII of the Civil Rights Act, Abell must show that:  1) he engaged in protected opposition to Title VII discrimination or participated in a Title VII proceeding; 2) he suffered an adverse employment action *contemporaneous with or subsequent to* the protected action; and 3) there is a causal connection between Abell's protected activity and the adverse employment action.  *See Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1381 (10th Cir. 1994) (emphasis added).

My review of the numerous exhibits submitted by Mr. Abell in response to the motion for summary judgment indicates Abell raised no allegations of age, sex or race discrimination until he filed his EEO complaint on January 29, 1993.  Therefore, only adverse employment actions that took place on or after this date are relevant to the retaliation claims.  Mr. Abell alleges that his fourteen-day suspension in February 1993 and notice of proposed termination in May 1993 were in retaliation for filing the EEO complaint.  Mr. Abell also alleges that the government retaliated by

---

[3] Defendants did not present an affidavit for one position, RMR-92-106, because the hiring official is deceased.

[4] Plaintiff does not state whether his retaliation claims are brought under Title VII or the ADEA.  Courts outside this circuit have held that the ADEA does not recognize a cause of action against the federal government for retaliation.  *See Tomasello v. Rubin*, 920 F. Supp. 4, 6 (D.D.C. 1996).  I find the reasoning in *Tomasello* persuasive, but need not decide the issue because Plaintiff's retaliation claim also falls within Title VII.  Plaintiff's claim would be analyzed identically under either the ADEA or Title VII.

failing to hire him for any of the positions for which he submitted applications. Eight of the positions listed were filled after Mr. Abell filed his EEO complaint, with application dates ranging from September 1993 through May 1995. Therefore, Mr. Abell has satisfied the first two elements of a prima facie case as to these actions.

Mr. Abell has more difficulty meeting the third element of a prima facie case. Mr. Abell has not presented any direct evidence that the adverse employment actions were the result of retaliation. Therefore, Mr. Abell can satisfy his burden only by creating an inference of retaliation.

A plaintiff may establish an inference of retaliatory motive by showing that the adverse actions closely followed the protected conduct. *See Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997). However, the pattern of employer practices must be very close in time to the protected conduct to raise the inference without additional evidence. *See id.* Standing alone, a three-month period between the employee's activity and termination is insufficient to raise the inference of retaliation. *See Richmond v. Oneok, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997).

Mr. Abell complains of a pattern of practices that began in 1990 or 1991 and continued through 1995. Yet, Abell does not present evidence that he participated in conduct protected under Title VII until January, 1993. In particular, Abell was suspended in November 1992, more than two months before he filed his EEO complaint. Therefore, the pattern of employer conduct that led to his eventual discharge did not begin soon after he filed his EEO complaint--it began *before* his complaint was filed. The second suspension in February 1993, notice of proposed termination in May 1993, and termination in June 1993 merely completed the disciplinary process. *See Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1324 (10th Cir. 1997) (refusing to find an inference of retaliatory pretext where the employer's conduct occurred both before and after the employee filed a charge of

discrimination).  Following the reasoning of *Morgan*, I cannot find an inference of retaliatory motive solely from the fact that Abell's second suspension in February 1993 closely followed his EEO complaint.  Therefore, Abell has failed to establish a prima facie case of retaliation.

**IV.    Conclusion**

Plaintiff has not provided any reason to believe that Defendants are withholding discoverable information, or that extending discovery will yield additional evidence.  Therefore, Plaintiff's objections to Magistrate Judge Puglisi's order denying him additional discovery will be overruled. Defendants' Motion for Summary Judgment will be granted because Plaintiff has not come forward with evidence to establish a prima facie case of discrimination or retaliation under either the ADEA or Title VII.

Wherefore,

**IT IS ORDERED** that Plaintiff's objections to the magistrate judge's order are **overruled.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is **granted.** A final judgment in accordance with this opinion and FED. R. CIV. P. 58 shall be entered.

DATED this 10th day of September, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Plaintiff *pro se*:        Arthur J. Abell, Jr.
                           Santa Fe, New Mexico

Counsel for Defendants:    Phyllis A. Dow
                           Assistant U. S. Attorney
                           U. S. Attorney's Office
                           District of New Mexico
                           Albuquerque, New Mexico